UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


OLINDO AUDELIO MENDEZ ROBLERO,

   Petitioner,

v.           Case No. 3:26-cv-897-MMH-LLL

WARDEN, FLORIDA BAKER
CORRECTIONAL INSTITUTION, et al.,

   Respondents.

_____

## **ORDER**

### **I. Status**

Petitioner Olindo Audelio Mendez Roblero, an immigration detainee, is proceeding on a pro se Amended Petition for Writ of Habeas Corpus (Doc. 7; Amended Petition) filed on April 24, 2026. The Federal Respondents (Field Office Director for the United States Immigration and Customs Enforcement (ICE) Jacksonville Office, Acting Director Todd M. Lyons, Secretary Markwayne Mullin, and Attorney General Todd Blanche[1]) filed a Response to the Amended Petition (Doc. 12; Response). Respondent Warden filed a Motion to Dismiss (Doc. 13; Motion to Dismiss), arguing he is not a proper respondent

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Markwayne Mullin and Todd Blanche are automatically substituted for Kristi Noem and Pamela Bondi, respectively.

in this case. Upon review, the Court finds that a reply is unnecessary. Thus, this case is ripe for review.

## II. Background

According to Roblero, a citizen of Guatemala, he entered the United States in 2021 as an unaccompanied alien child and was released into the custody of his sister. Amended Petition at 1-2, 4-5. On March 26, 2026, ICE "arbitrarily" detained him. Id. at 2.

## III. Analysis

The crux of Count One of Roblero's Amended Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See Amended Petition at 7.[2] As relief, he seeks, inter alia, immediate release. Id. at 9. The Federal Respondents argue that this Court lacks jurisdiction over Roblero's claims, he failed to exhaust his administrative remedies, and he is properly detained under § 1225(b). See Response at 4–15.

The Court is satisfied it has jurisdiction over Roblero's claims and further administrative exhaustion would be futile. See, e.g., Fonseca v. Ripa, No. 3:26-CV-309-MMH-MCR, 2026 WL 1072778 (M.D. Fla. Apr. 21, 2026);

---

[2] Because the Court finds that Roblero is entitled to relief on his assertion that Respondents are violating the Immigration and Nationality Act by classifying him under § 1225, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

Lopez v. Rhoden, No. 3:26-CV-94-MMH-PDB, 2026 WL 931190 (M.D. Fla. Apr. 7, 2026); Garcia v. Warden, No. 3:26-CV-271-MMH-SJH, 2026 WL 900145 (M.D. Fla. Apr. 2, 2026). As to the merits, the United States Court of Appeals for the Eleventh Circuit has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, - - - F.4th - - -, 2026 WL 1243395, at *14 (11th Cir. May 6, 2026). Therefore, given that Roblero entered the United States without inspection and has been residing here for some time, he is not properly detained under § 1225(b)(2) as the Federal Respondents contend and the Court finds that release is the appropriate remedy. See Fonseca, 2026 WL 1072778 at *5 (finding immediate release to be the appropriate remedy based on the government's failure to argue in the alternative that petitioner would be subject to § 1226 and the government's inability to guarantee that a bond hearing would be held).

Accordingly, it is **ORDERED**:

1.      Roblero's Amended Petition for Writ of Habeas Corpus (Doc. 7) is **GRANTED** as to Count One. Respondents shall release Roblero **within 24 hours of this Order**. At least 5 hours before releasing Roblero, Respondents shall provide him with access to a telephone to arrange transportation from the detention facility.

2.      Insofar as Roblero requests that the temporary restraining order be converted into a preliminary injunction, the request is **DENIED AS MOOT**.

3.      Respondent Warden's Motion to Dismiss (Doc. 13) is **DENIED**. See, e.g., <u>Fonseca</u>, 2026 WL 1072778, at *4–5.

4.      The **Clerk** is directed to terminate any motions, enter judgment granting the Amended Petition as to Count One, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 7th day of May, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

JAX-3 5/7
c:
Counsel of Record

4